FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RILEY and REBECCA ROSS, individually and as the marital community thereof,

Plaintiffs,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and Illinois Corporation, doing business in the State of Washington,

Defendant.

No. : 2:25-CV-00006-JAG

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART

Pending before the Court is Defendant's Motion for Partial Summary Judgment. ECF No. 28. The Court has reviewed the file and considered the briefing. The Court is fully informed. For the reasons stated below, Defendant's Motion for Partial Summary Judgment is granted in part, denied in part.

## I. ISSUES

Defendant moves to dismiss Plaintiffs' Insurance Fair Conduct Act ["IFCA"], Consumer Protection Act ["CPA"], and Insurance Bad Faith and Negligent Claims Handling claims. Defendant also asks that the Court foreclose

an award of attorney's fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash.2d 37, 53 (1991).

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The evidence is viewed in the light most favorable to the non-moving party." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020).

As the moving party, the Defendant has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157 (1970). Defendant may do this by either producing affirmative evidence "negating an essential element of the nonmoving party's case," or simply pointing out to the Court the absence of evidence supporting the nonmoving party's case. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000). When "a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. The nonmoving party must produce evidence to support its claim or defense." *Id*. To meet this burden, as the nonmoving party the Plaintiff must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. DISCUSSION

### A. <u>Insurance Fair Conduct Act.</u>

In Plaintiffs' first cause of action, Plaintiffs allege Defendant violated the IFCA by failing to tender "proper" payment, failing to investigate Plaintiffs' claim,

failing to retain an expert, and refusing "to pay this coverage," not responding to pertinent communications, and "refusing to indemnify Plaintiff." ECF No. 1-2 at 9.

Plaintiffs argue Defendant's failure to pay the full amount requested resulted in constructive denial of the claim, citing to *Langley v. GEICO Gen. Ins. Co.*, wherein the court found:

> Where the insurer pays or offers to pay a paltry amount that is not in line with the losses claimed, is not based on a reasoned evaluation of the facts (as known or, in some cases, as would have been known had the insurer adequately investigated the claim), and would not compensate the insured for the loss at issue, the benefits promised in the policy are effectively denied.

89 F. Supp. 3d 1083, 1091–92 (E.D. Wash. 2015).

Defendant asks the Court to dismiss this claim because Plaintiffs' insurance claim was never denied. Under Washington law:

> Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

R.C.W § 48.30.015(1) (West 2006).

The Washington State Supreme Court does not interpret the IFCA to include constructive denial of claims. In *Perez*, the court examined *Langley* and declined to extend the cause of action beyond that specifically delineated by the statute. *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wash.2d 669, 678-684 (2017). Although *Perez* focused on the implicit causes of action *Langley* created, the reasoning applies to constructive denial as well. The statute clearly states that a cause of action is created for "unreasonable denial" of a claim. Where the claim

has not been denied, there is no cause of action. Further, neither the Ninth Circuit, nor any other court in this district have extended the IFCA to include constructive denial, especially in a case such as this one where the Defendant made a substantial payment, albeit not for the amount Plaintiffs feel would cover their loss.

**B. Consumer Protection Act.**

In their sixth claim Plaintiffs assert Defendant violated Washington's Consumer Protection Act by violating the following regulations: WAC 284-30-330, which defines unfair claims settlement practices, WAC 284-30-360, which sets standards for pertinent communications, and WAC 284-30-380, which sets settlement standards. ECF No. 1-2 at 13. Plaintiffs further allege Defendant's wrongful claim handling constitutes an unfair or deceptive business practice. Defendant asks the Court to apply the reasoning in *Shin v. Allstate* to dismiss this claim arguing there is no claim under the CPA where there is a reasonable value dispute. *Shin v. Allstate Fire & Cas. Ins. Co.*, No. 2:21-CV-1524-DWC, 2023 WL 3997028, at *9 (W.D. Wash. June 14, 2023).

To prove a claim under the CPA, Plaintiffs must prove: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 (1986).

The Court declines to follow the reasoning in *Shin* to foreclose a CPA claim where there is a reasonable valuation dispute. "A denial of coverage does not constitute an unfair or deceptive act or practice as long as it is based on reasonable conduct of the insurer." *Overton v. Consol. Ins. Co.*, 145 Wash. 2d 417, 434 (2002). Plaintiff correctly notes that Washington State courts have consistently recognized that violations of insurance regulations may constitute *per se* unfair or deceptive acts under the CPA. *See, e.g., Indus. Indem. Co. of the Nw. v. Kallevig*,

114 Wash.2d 907, 922 (1990) ("[T]he Legislature expressly provided that violations of the insurance regulations are subject to the CPA.") Consequently, the Court examines whether there is a factual dispute over each of the cited WAC provisions.

**1. *WAC 284-30-330 - Specific unfair claims settlement practices defined.***

Plaintiffs identify four sections of WAC 284-30-330 Defendant allegedly violated, sections (3), (4), (5) and (7), and argue there are material facts in dispute that foreclose summary judgment.

First, Plaintiffs argue Defendant failed "to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies." WAC 284-30-330(3). *See* ECF No. 32, at 38. However, Plaintiffs do not identify Defendant's standards or policies, nor do Plaintiffs cite to supportive facts related to Defendant's implantation or adoption of standards. Plaintiffs have not produced any evidence to support their claims. Consequently, Plaintiffs' claim under this section of the regulations is dismissed.

Second, Plaintiffs complain Defendant refused "to pay claims without conducting a reasonable investigation" in contravention to WAC 284-30-330(4). ECF No. 32, at 38. Plaintiffs assert Defendant failed to perform an in-person investigation conducted by an Allstate adjuster and any investigation conducted by Defendant was not reasonable. ECF No. 32, at 38-39. Although the regulations do not specify whether an investigation must be in-person or remote, or if an outside contractor may conduct the inspection on behalf of the insurance company, Plaintiffs' argument that this form of an investigation is not reasonable is sufficient to provide a factual dispute over the reasonableness of the investigation. Therefore, Plaintiffs' claim under the CPA based on this section withstands the summary judgment motion.

Third, Plaintiffs argue Defendant failed "to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted." WAC 284-30-330(5). *See* ECF No. 32, at 38. Defendant provided uncontroverted facts that Defendant accepted coverage of the loss as well as ALE ["Alternative Living Expenses"], including offering several options for alternative housing. ECF No. 29 at 67-69. Plaintiff offered no evidence to the contrary. No genuine issue of fact remains in dispute as to this provision and Defendant is entitled to summary judgment.

Lastly, Plaintiffs argue Defendant violated the regulations, and therefore the CPA by compelling Plaintiffs "to initiate or submit to litigation . . . to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." WAC 284-30-330(7). *See* ECF No. 32, at 38. As the proceedings have not yet concluded, it is impossible for Plaintiffs to make such a showing. However, Plaintiffs have provided some factual support for differing valuation of the loss and ALE payments. ECF No. 33. The Court considers this valuation dispute sufficient to overcome summary judgment.

**2. *WAC 284-30-360 - Standards for the insurer to acknowledge pertinent communications and WAC 284-30-380- Settlement standards applicable to all insurers.***

Plaintiffs recited violations of each of these provisions in the Complaint but do not identify which provisions Defendant allegedly violated or what facts support those claims. ECF No. 1-2. Accordingly, the Court finds there are no facts in dispute as to these provisions and grants summary judgment in favor of Defendant as to these regulations under the CPA.

**C. <u>Tort Claims: Insurance Bad Faith and Negligent Claims Handling.</u>**

To prove bad faith, Plaintiffs must show, among other elements, that the

Defendant acted unreasonably. *Smith v. Safeco Ins. Co.,* 150 Wash.2d 478, 484-485 (2003). In *Smith*, the Washington Supreme Court held:

> [A]n insurer is entitled to a directed verdict or a dismissal on summary judgment of a policyholder's bad faith claim only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party.

*Id.* at 484.

Plaintiffs have presented sufficient factual support for their tort claims to survive summary judgment. They argue the way Allstate conducted the investigation and assessed the value of the loss was unreasonable. Plaintiffs point to Allstate failing to send an insurance adjuster to conduct an inspection and Allstate's failure to address damage to Plaintiffs' heating system. Defendant argues that lack of expert testimony regarding the need to replace the heating system and the cost of repair/ replacement should push the Court to decide in Defendant's favor.

Plaintiffs' lack of an expert to address the hydroponic heating system damage and cost of repair may prove fatal to their claim at trial, but at this juncture of the case, the Court views the evidence in favor of the non-moving party. Accordingly, because Plaintiffs provided some material facts in support of the lack of reasonableness of Defendant's actions, the claim survives summary judgment.

**D. *Olympic Steamship* Fees.**

*Olympic Steamship* requires an award of fees "in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wash.2d 37, 53 (1991). Whether or not Plaintiff is entitled to an award of fees turns on whether this is a

coverage or a claims dispute. The Washington Court of Appels, Division 1, has held:

> Fees are awarded under *Olympic Steamship* where the insurer unsuccessfully denies coverage, not where the insurer acknowledges coverage but disputes the value of the claim. Coverage disputes include both cases in which the issue of any coverage is disputed and cases in which the 'extent of the benefit provided by an insurance contract' is at issue. Coverage questions generally concern who is insured, the type of risk insured against, or whether the insurance contract exists. By contrast, claim disputes raise factual questions about the extent of the insured's damages.

*Axess Int'l Ltd. v. Intercargo Ins. Co.*, 107 Wash.App. 713, 721 (2001) (internal citations omitted). Plaintiffs argue the case involves "substantial factual disputes regarding Allstate's investigation, valuation process, handing of the hydronic heating and code compliance issues, and administration of ALE benefits." ECF No. 32 at 17. Accepting this as true, none of the factually disputed issues cited by Plaintiffs concern questions of who is insured, the type of risk, or whether the insurance contract exists. Each focus more on factual questions regarding the extent of Plaintiff's damage and how Allstate valued the claim. Consequently, *Olympic Steamship* fees do not apply in this case.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that as to the IFCA claims, no issue of genuine factual dispute exists, consequently summary judgment is appropriate. Plaintiffs presented genuine issues of fact supporting Plaintiffs CPA claims as to violations of WAC 284-30-330(4) and (7), but not for the remaining WAC provisions cited in the CPA claims. Plaintiff also presented a genuine issue of fact regarding the Bad Faith and Negligent Claims Handing claim. Lastly, the Court finds that *Olympic Steamship* fees do not apply.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment, **ECF No. 28**, is **GRANTED in part, DENIED in part**.

2. Plaintiff's First Cause of Action: IFCA Claim is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Sixth Cause of Action: CPA Claims relying on WAC 284-30-330(3), (5), 284-30-360, and 284-30-380 are **DISMISSED WITH PREJUDICE**. CPA claims relying on other provisions of the WAC remain pending.

4. Plaintiffs remaining causes of action, Second: Breach of Contract, Third: Bad Faith, Fourth: Declaratory Judgment, and Fifth: Negligent Claims Handling, remain pending.

5. Plaintiff's remaining claims are not eligible for an award of fees pursuant to *Olympic Steamship*, accordingly Plaintiff's relief request for *Olympic Steamship* fees is **DENIED.**

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel.

DATED August 18, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE